ALGEIER WOODRUFF, P.C.
60 Washington Street
Morristown, NJ 07960
(973) 539-2600
Attorneys for Plaintiff, Angelic Muhammad



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELIC MUHAMMAD,<br><br>              Plaintiff,<br>v.<br><br>CITY OF EAST ORANGE, EAST ORANGE POLICE DEPARTMENT, CHARLES GRIMES, individually and in his capacity as Chief of Police, MICHAEL BROWN, individually and in his capacity as Lieutenant of the East Orange Police Department, PAUL DAVIS, individually and in his capacity as a Lieutenant with the East Orange Police Department, GARY KELSHAW, individually and in his capacity as an East Orange Police Sergeant, WALTER JETTER, individually and in his official capacity as a Captain with the East Orange Police Department, STEVEN SIMS, individually and in his official capacity as an Officer with the East Orange Police Department, SHARON MOSEBY, individually and in her capacity as a Sergeant with the East Orange Police Department, JAMES SMITH, individually and in his official capacity as an Officer with the East Orange Police Department, JAMES O'TOOLE, individually and in his capacity as the Captain of the East Orange Police Department, TONY JEST, individually and in his official capacity as a Sergeant with the East Orange Police Department, MICHAEL PALARDY, individually and in his capacity as the Captain of the East Orange Police Department,<br>              Defendants. | Civil Action No.: 04-4893 (JAG)<br><br>**COMPLAINT AND JURY DEMAND** |

## PARTIES

1. Plaintiff, Angelic Muhammad is a citizen of the United States residing at 161 N. Arlington Avenue, East Orange, New Jersey.

2. The City of East Orange is a municipal corporation within the State of New Jersey and as such, is authorized to administer, fund, supervise and oversee the East Orange Police Department.

3. The East Orange Police Department is a part of the body politic of the City of East Orange and charged to protect and serve the people of its city.

4. Defendant, Charles Grimes is the Chief of Police of the City of East Orange and as such is charged with the supervision of the department and establishing policy and procedure for the East Orange Police Department. He is sued individually and in his official capacity.

5. Defendant, Paul Davis is a Lieutenant in the East Orange Police Department. He is sued individually and in his official capacity.

6. Defendant, Tony Jest is a Police Sergeant in the East Orange Police Department. He is sued individually and in his official capacity.

7. Defendant, Sharon Moseby is a Police Sergeant in the East Orange Police Department. She is sued individually and in her official capacity.

8. Defendant, Gary Kelshaw is employed as a Police Sergeant in the East Orange Police Department. He is sued individually and in his official capacity.

9. Defendant, Walter Jetter is employed as a Police Captain in the East Orange Police Department. He is sued individually and in his official capacity.

10. Defendant, James O'Toole is employed as a Captain in the East Orange Police Department. He is sued individually and in his official capacity.

11. Defendant, Steven Sims is employed as a Police Officer in the East Orange Police

Department. He is sued individually and in his official capacity.

12.  Defendant, James Smith is employed as a Police Officer in the East Orange Police Department. He is sued individually and in his official capacity.

13.  Defendant, Tony Jest is employed as a Police Sergeant in the East Orange Police Department. He is sued individually and in his official capacity.

14.  Defendant, Michael Brown is employed as a Lieutenant in the East Orange Police Department. He is sued individually and in his official capacity.

15.  Defendant, Michael Palardy is employed as a Police Officer in the East Orange Police Department. He is sued individually and in his official capacity.

## JURISDICTION

This action is brought pursuant to 42 U.S.C.A. Sections 1983 et seq. and the First, Fourth and Fourteenth Amendments to the United States Constitution, The Constitution of the State of New Jersey and various claims under New Jersey Law. Jurisdiction is founded on 28 U.S.C.A. Section 1331 and Sections 1343 and the supplemental jurisdiction of this Court to consider claims arising under State law.

## FACTS

1.  Beginning on or about 1985 and continuing to 2004 plaintiff, then a sixteen year old girl was at various times throughout the years picked up by members of the East Orange Police Department, taken into their custody and sexually assaulted.

2.  Plaintiff was required to perform sexual acts in return for not being charged with phony or false charges and in return for being released from the custody of the officer(s).

3.  Said actions against plaintiff were taken by numerous officers as well as supervisors and high ranking officers. Further, such actions against plaintiff were known throughout the department up to and including the Chief and Deputy Chiefs of Police.

4. Various officers including but not limited to defendants, Grimes, Brown, Palardy, Kelshaw, Jetter, Sims, Smith and O'Toole did on various occasions within the last twenty years, sexually assault plaintiff on numerous occasions.

5. At all times, plaintiff feared for her well being and had been told that she would be prosecuted or otherwise charged with crimes if she did not commit the sexual acts as required by the officers.

6. Said assaults took place in East Orange Police vehicles and also at various locations within Police Headquarters. Also, plaintiff was at times picked up by certain Defendants and taken to their personal homes to perform sexual acts under the continuing threat of being charged with bogus criminal charges.

7. Throughout this time period that the various named defendants did participate in such activities they knew or should have known that such conduct was improper and possibly criminal in that they were using their official position to coerce plaintiff into having sex in exchange for not bringing criminal charges against her. They knew or should have known that plaintiff was being held against her will or otherwise falsely imprisoned. None of the officers exercised their sworn duty to cause such actions to cease and or take such actions as to bringing the appropriate charges against those who were violating the law.

8. Since October, 2002, Defendants Kelshaw and Jetter did on numerous occasions continue to sexually assault plaintiff by requiring her to perform sexual acts in fear of reprisal from these Defendants.

9. Said actions took place in the East Orange Police Department facility as well as other locations outside Police Headquarters.

10. Throughout this time, Defendant Grimes, as Chief of Police, knew or should have known

that such conduct which had been going on for almost twenty years, was continuing and he failed to take such actions as to protect plaintiff and to punish those responsible. He condoned their behavior.

11. On or about the Spring of 2004, it had become known that the Federal Government was investigating possible governmental misconduct within the City of East Orange.

12. During this time, plaintiff was approached by Defendants, Jest, Moseby and Davis who constantly questioned plaintiff as to whether she had spoken with Federal authorities. The Defendants intimidated plaintiff and threatened her should she in fact speak with the authorities.

13. Further, at various times. Defendants Jest, Moseby and Davis did eventually question plaintiff as regards whether two other East Orange Police Officers, Norman Price and Keith Hinton had sexually assaulted her. Plaintiff denied same and notwithstanding such Jest, Moseby and Davis continually tried to persuade and intimidate plaintiff into saying that Price (who had filed an action against the City of East Orange) and Hinton (who would be a witness for him), did commit improper acts.

14. Defendants Jest, Moseby and Davis' actions were intended to intimidate plaintiff into not advising Federal authorities about how she was systematically sexually assaulted by numerous East Orange Officers and to intimidate her into not associating with Officers Price and Hinton.

15. The actions of all of the individually named Defendants, Grimes, Brown, Davis, Kelshaw, Jetter, Sims, Moseby, Smith, Palardy and O'Toole countenanced the actions of those officers who had continued to sexually use and abuse plaintiff within the last two years. They failed to take such actions to stop the conduct or report same in derogation of their sworn duty. As a result, plaintiff was and continues to be damaged as result of such conduct and does continue to have her Civil Rights violated.

16. All individually named Defendants, Grimes, Brown, Davis, Kelshaw, Jetter, Sims, Palardy, Moseby, Smith and O'Toole, as members of the East Orange Police Department did conspire to cover up what was done by those who sexually used and abused plaintiff within the last two (2) years. Each and every Defendant did participate in the "cover-up" of what was being done to plaintiff. As a result of said conspiratorial actions, plaintiff was and continues to be damaged as a result of such conduct and continues to have her Civil Rights violated.

## FIRST COUNT

1. Plaintiff repeats and reasserts all of the aforenoted facts as if set forth at length herein.

2. The actions of defendants Jetter and Kelshaw in taking physical custody of plaintiff and sexually assaulting her did violate her constitutional rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New Jersey together with the provisions of *42 U.S.C. Section 1983 et seq.*

3. As a direct result of such improper and illegal conduct, plaintiff was caused to suffer severe permanent damages.

## SECOND COUNT

1. Plaintiff repeats the above allegations as if set forth as length herein.

2. In failing to take such actions necessary to stop the ongoing sexual abuse of plaintiff, all Defendants did violate plaintiff's Constitutional Rights as guaranteed by the Fourth and Fourteenth Amendment to the United State Constitution as well as the Constitution of the State of New Jersey together with the provisions *42. U.S.C. Section 1983 et seq.*

3. As a direct result of such improper and illegal conduct, plaintiff was caused to suffer severe permanent damages.

## THIRD COUNT

1. Plaintiff repeats the above allegations as if set forth at length herein.

2. All individually named defendants did conspire to cover up the actions of each other as regards the pattern of sexual abuse practiced against plaintiff and as such were in violation of *42 U.S.C. Section 1983 et seq.*

3. As a direct result of such conspirational conduct, plaintiff was caused to suffer severe permanent damages.

### FOURTH COUNT

1. Plaintiff repeat the above allegations as if set forth at length herein

2. Defendants Jest, Moseby and Davis' actions in using their office, did intimidate plaintiff and otherwise coerce her not to associate with other individuals.

3. Such conduct was a violation of plaintiff's Civil Rights in particular, her First and Fourteenth Amendment rights and other protections afforded pursuant to *42 U.S.C. Section 1983 et seq.*

### FIFTH COUNT

1. Plaintiff repeat the above allegations as if set forth at length herein.

2. Defendant Grimes, as Chief of Police, was charged with supervising and controlling the actions of the officers under his command

3. Defendant Grimes had failed to properly supervise and monitor those under his command.

4. As a direct result of such failure, plaintiff was caused to suffer severe permanent damages.

### SIXTH COUNT

1. Plaintiff repeat the above allegations as if set forth at length herein.

2. The intentional action and/or inactions of Defendants, collectively and individually were so extreme and outrageous that no reasonable woman could be expected to endure such.

3. Such conduct did cause extreme emotional distress.

4. As a direct result of such conduct, plaintiff was caused to suffer severe and permanent damages.

## SEVENTH COUNT

1. Plaintiff repeat the above allegations as if set forth at length herein.

2. Defendant, City of East Orange through its agents and policy makers did condone the illegal activities of those in its employ as noted herein.

3. Defendant, City of East Orange did fail to properly monitor or supervise the East Orange Police Department and otherwise take such steps through its agents to create an atmosphere of which would not tolerate the type of conduct perpetrated upon plaintiff.

4. City is also responsible for the conduct of its officers under the Doctrine of respondent Superior.

5. As a direct result of such failure, plaintiff was caused to suffer severe and permanent damage.

WHEREFORE, Plaintiff demands judgment as against all Defendants, jointly and severally or in the alternative as to all issues set forth herein, for the following damages:

A. Compensatory;
B. Punitive;
C. Attorneys fees pursuant to 42 U.S.C. Section 1988; and
D. Such other relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues of the within Complaint.

ROBERT B. WOODRUFF

Dated: October 5, 2004